**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.   05-cv-01705-REB-OES

CLIFFORD "LYNN" BAKER,
CODY BAKER, a minor, by and through his father and next friend, LYNN BAKER, and
SUE WELAND,

      Plaintiffs,

v.

ELBERT BOARD OF COUNTY COMMISSIONERS,
ELBERT COUNTY SHERIFF'S DEPARTMENT,
ELBERT COUNTY SHERIFF WILLIAM FRANGIS,
UNDER SHERIFF JAMES UNDERWOOD,
JACQUELINE LOU McCUEN,
WILLIAM LAWRENCE GLADNEY,
WILLIAM MOYNIHAN, and
JOHN and JANE DOES, Numbers 1-10,

      Defendants.

---

**ORDER GRANTING MOTION TO DISMISS IN PART
AND REMANDING CASE TO STATE COURT**

---

**Blackburn, J.**

The matter before me is the Motion to Dismiss and Stay Discovery [#7], filed

September 12, 2005, by defendants the Elbert County Board of County Commissioners,

the Elbert County Sheriff's Department, Elbert County Sheriff William Frangis, and

Under Sheriff James Underwood (collectively "the Elbert County defendants").  I grant

the motion with respect to plaintiffs' federal claim and remand the remaining state law

claims to the District Court of Elbert County, Colorado.

This suit arises from injuries inflicted on plaintiff Lynn Baker by three pit bulls

owned by defendant, Jacqueline McCuen.  Early on the morning of December 30,

2003, the dogs attacked Jennifer Brooke.[1]  Brooke's husband, Bjorn Osmunsen, who

was himself attacked shortly after his wife, called 911.  At 10:05 a.m., the 911

dispatcher transmitted a request to the Elbert County Sheriff's department for a deputy

to report to the scene, but no deputy was available to respond to the call.  An Elizabeth

city police officer suggested that the dispatcher call another agency or an off-duty

officer, but the dispatcher apparently did not do so.  Approximately half an hour later,

when the city officer realized that no one had yet responded to Osmunsen's call, he

called an off-duty sergeant in his own department and asked him to respond.  By the

time the sergeant arrived at Baker's home at approximately 11:19 a.m., Baker had

already been attacked by the dogs.

Baker, his wife, and son filed suit against the Elbert County defendants, among

others, in Colorado state district court.  Because plaintiffs alleged a claim under 42

U.S.C. § 1983, the Elbert County defendants removed the case to this court, alleging

federal question jurisdiction.  They have moved to dismiss the section 1983 claim, as

well as plaintiffs' state law negligence claims against them.  I will grant the motion to

dismiss with respect to the section 1983 claim, but decline to exercise supplemental

jurisdiction over the state law claims and remand the case to state court.

Plaintiffs' Sixth Claim for Relief alleges that they have a constitutional right,

protected by the Due Process Clause of the Fourteenth Amendment, "to be physically

safe in the community," which right the Elbert County defendants violated allegedly by

---

[1]  Brooke subsequently died of her injuries.

failing to "investigate, communicate and to take appropriate action or intervention,"

which failure "created or substantially enhanced the danger faced by Plaintiffs[.]"

(Complaint at 9, ¶ 72.)  This language plainly is intended to overcome the Supreme

Court's decision in *DeShaney v. Winnebago County Department of Social*

*Services*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), in which the Court

held that the substantive protections of the Due Process Clause do not require the

states to protect individuals from privately inflicted harms:

> [N]othing in the language of the Due Process Clause itself
> requires the State to protect the life, liberty, and property of
> its citizens against invasion by private actors. The Clause is
> phrased as a limitation on the State's power to act, not as a
> guarantee of certain minimal levels of safety and security. It
> forbids the State itself to deprive individuals of life, liberty, or
> property without "due process of law," but its language
> cannot fairly be extended to impose an affirmative obligation
> on the State to ensure that those interests do not come to
> harm through other means. Nor does history support such
> an expansive reading of the constitutional text. . . . Its
> purpose was to protect the people from the State, not to
> ensure that the State protected them from each other. . . .
>
> Consistent with these principles, our cases have recognized
> that the Due Process Clauses generally confer no
> affirmative right to governmental aid, even where such aid
> may be necessary to secure life, liberty, or property interests
> of which the government itself may not deprive the
> individual. . . .  If the Due Process Clause does not require
> the State to provide its citizens with particular protective
> services, it follows that the State cannot be held liable under
> the Clause for injuries that could have been averted had it
> chosen to provide them. As a general matter, then, we
> conclude that a State's failure to protect an individual
> against private violence simply does not constitute a
> violation of the Due Process Clause.

*Id.*, 109 S.Ct. at 1003 - 1004 (internal citations and footnote omitted).[2]  An exception to

this general principle, on which plaintiffs seek to rely, is the state-created or enhanced

danger exception.  ***Uhlrig v. Harder***, 64 F.3d 567, 572 (10th Cir. 1995), ***cert. denied***,

116 S.Ct. 924 (1996); ***Sanders v. Board of County Commissioners of County of***

***Jefferson, Colorado***, 192 F.Supp.2d 1094, 1107-08 (D. Colo. 2001).[3]  The Tenth

Circuit has adopted a five-factor test for determining whether the state-created or

enhanced danger exception applies:

> 1) whether plaintiff was a member of a limited and
> specifically definable group; 2) whether defendant's conduct
> put plaintiff at substantial risk of serious, immediate, and
> proximate harm; 3) whether the risk to plaintiff was obvious
> or known; 4) whether defendant acted recklessly in
> conscious disregard of that risk; and 5) if such conduct,
> when viewed in total, "shocks the conscience" of federal
> judges.

*Sanders*, 192 F.Supp.2d at 1109.

Plaintiffs cannot satisfy the second element of this test, which requires them to

prove "'that the charged state entity and the charged individual defendant actors

created the danger or increased . . . the danger in some way.'"  *Id*. (quoting ***Armijo v.***

***Wagon Mound Public Schools***, 159 F.3d 1253, 1263 (10th Cir. 1998)).  Stated

---

[2]  Nothing in the complaint suggests, and plaintiffs do not argue, that they intend to plead a procedural due process claim.  *See **Town of Castle Rock, Colorado v. Gonzales***, – U.S. –, 125 S.Ct. 2796, 2803, 162 L.Ed.2d 658 (2005) (noting that **DeShaney** left open question of whether a plaintiff might be able to prove a procedural due process entitlement to protective services by virtue of state statutes).

[3]  A second exception, the "special relationship" exception, applies only when the state has imposed limitations on a person's freedom to act on his own behalf.  ***DeShaney***, 109 S.Ct. at 1005-06. As no state-imposed involuntary restraint is alleged in this case, this exception is inapplicable.  *See* ***Sanders***, 192 F.Supp.2d at 1108.

differently, plaintiffs must demonstrate that the Elbert County defendants

> "affirmatively plac[ed] [plaintiffs] in a position of danger, effectively stripping [them] of [their] ability to defend [themselves], or cutting off potential sources of private aid. Thus the environment created by the state actors must be dangerous; they must know it is dangerous; and to be liable, *they must have used their authority to create an opportunity that would not otherwise have existed for the third-party's [acts] to occur.*"

*Armijo*, 159 F.3d at 1263 (emphasis added).  The complaint does not allege this level

of culpability on the part of the Elbert County defendants.  They did not create the

danger, and there is no allegation that fairly can be read to contend that they

affirmatively placed plaintiffs in harm's way.  Although their alleged nonfeasance may

not have prevented the dogs from attacking Baker, it did not create an opportunity for

harm to plaintiffs that would not have existed otherwise.  *Cf. Sanders*, 192 F.Supp.2d

at 1112 (complaint met second prong of five-factor test by alleging that defendants

actively prevented rescuers from reaching decedent, proximately causing his death).

Therefore, I find that plaintiffs have failed to allege a viable claim for violation of their

due process rights, and their Sixth Claim for Relief should be dismissed.

The section 1983 claim is the only basis supporting original federal jurisdiction in

this case.  When all federal claims have been dismissed prior to trial, the court

generally should decline to exercise supplemental jurisdiction over pendant state

claims.  *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002).  I find it

appropriate to do so here, and, thus, will remand this case to the state district court.

This decision pretermits determination of the Elbert County defendants' arguments

regarding the substantive merits of plaintiffs' state-law claims.

      **THEREFORE, IT IS ORDERED** as follows:

      (1) That the Elbert County defendants' the Motion to Dismiss and Stay Discovery [#7], filed September 12, 2005, is **GRANTED IN PART**;

      (2) That the motion is **GRANTED** with respect to plaintiffs' Sixth Claim for Relief, which is **DISMISSED WITH PREJUDICE**; and

      (3) That this case is **REMANDED** to the District Court of Elbert County, Colorado, (where it was originally filed as civil action 04 CV 281, Div.1).

      Dated October 19, 2005, at Denver, Colorado.

                         BY THE COURT:


                         s/ Robert E. Blackburn
                         Robert E. Blackburn
                         United States District Judge