**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.   05-cv-01705-REB-OES

CLIFFORD "LYNN" BAKER,
CODY BAKER, a minor, by and through his father and next friend, LYNN BAKER, and
SUE WELAND,

     Plaintiffs,

v.

ELBERT BOARD OF COUNTY COMMISSIONERS,
ELBERT COUNTY SHERIFF'S DEPARTMENT,
ELBERT COUNTY SHERIFF WILLIAM FRANGIS,
UNDER SHERIFF JAMES UNDERWOOD,
JACQUELINE LOU McCUEN,
WILLIAM LAWRENCE GLADNEY,
WILLIAM MOYNIHAN, and
JOHN and JANE DOES, Numbers 1-10,

     Defendants.

**ORDER DENYING PLAINTIFFS' MOTION
FOR FINAL JUDGMENT AS TO PLAINTIFFS'
42 U.S.C. § 1983 CLAIMS**

**Blackburn, J.**

     The matter before me is Plaintiffs' Motion for Final Judgment as to Plaintiffs' 42 U.S.C. § 1983 Claims [#14], filed November 17, 2005.  Plaintiffs request that I certify my order granting defendants' motion to dismiss plaintiffs' federal claims as a final judgment pursuant to Rule 54(b).  Because I find that my order is a final, appealable order in any event, I deny the motion.

     In ruling on defendants' motion to dismiss, I granted the motion as to plaintiffs' federal claims, finding that they did not state claims on which relief could be granted.

Refusing to exercise supplemental jurisdiction, I also remanded plaintiffs' state law claims to the state district court from which they were removed.  In general,  "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).  Nevertheless, the reach of this section is not as broad as its language appears to suggest.  Rather, section 1447(d) bars appellate review only when remand is based on the grounds contemplated by 28 U.S.C. § 1447(c).  **See Things Remembered, Inc. v. Petrarca**, 516 U.S. 1245, 127-28, 116 S.Ct. 494, 496-97, 133 L.Ed.2d 461 (1995); **Dalrymple v. Grand River Dam Authority**, 145 F.3d 1180, 1184 (10th Cir. 1998), **cert. denied**, 119 S.Ct. 799 (1999). Section 1447(c), in turn, provides for remand for lack of subject matter jurisdiction or for defects other than lack of subject matter jurisdiction.  **See** 28 U.S.C. § 1447(c).

My order remanding this case was not based on any defect in removal procedure, nor was it premised on a lack of federal subject matter jurisdiction.  Rather, I found that plaintiffs had failed to state viable federal claims and simply declined to exercise the otherwise properly invoked pendant jurisdiction over their state law claims, as is within my discretion under 28 U.S.C. § 1367(c).  **See Dalrymple**, 145 F.3d at 1185 (distinguishing unreviewable remand order based on jurisdictional grounds from "the typical nonjurisdictional determination involving a discretionary remand of supplementary or pendant claims").  When remand is predicated on such determinations, a decision on the merits of the federal claims is reviewable on appeal.[1]

---

[1] The order of remand itself, however, is not.  **See, e.g.**, **Beauclerc Lakes Condominium Association v. City of Jacksonville**, 115 F.3d 934, 935 (11th Cir. 1997) (citing **Armstrong v Alabama Power Co.**, 667 F.2d 1385, 1387 (11th Cir. 1982)).

*See, e.g.*, *Morris v. TE Marine Corp.*, 344 F.3d 439, 445 (5th Cir. 2003); *Beauclerc Lakes Condominium Association v. City of Jacksonville*, 115 F.3d 934, 935 (11th Cir. 1997); *Carr v. American Red Cross*, 17 F.3d 671, 675-77 (3rd Cir. 1994);[2] *Scott v. Machnisits Automotive Trades District Lodge No. 190 of Northern California*, 827 F.2d 589, 592 (9th Cir. 1987); *Gallea v. United States*, 779 F.2d 1403, 1404 (9th Cir. 1986); *Katsaris v. United States*, 684 F.2d 758, 761 (11th Cir. 1982). *See generally*, 15A C. WRIGHT, A. MILLER, & E. COOPER, **FEDERAL PRACTICE AND PROCEDURE** § 3914.11 (1992). There thus is no necessity for a certification of the judgment under Rule 54(b).

**THEREFORE, IT IS ORDERED** that Plaintiffs' Motion for Final Judgment as to Plaintiffs' 42 U.S.C. § 1983 Claims [#14], filed November 17, 2005, is **DENIED**.

Dated November 23, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge

---

[2] The Third Circuit further requires that a decision remanding the state claims also satisfy the requirements of the collateral order doctrine. *See Carr* 17 F.3d at 675-77. It does not appear that this analysis is required in this circuit, however. *See, e.g.*, *Farmland National Beef Packing Co. v. Stone Container Corp.*, 98 Fed. Appx. 752, 754-56 (10th Cir. Apr. 16, 2004).